```
               IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF KANSAS


UNITED STATES OF AMERICA,

                Plaintiff,
     vs.                              Case No. 11-40057-04-RDR

ALFREDO BURGOIN, JR.,

                Defendant.
_____
```

## O R D E R

This matter is presently before the court upon defendant's motion for an extension of time to file pretrial motions. The defendant seeks additional time because his counsel has not completed his review of the discovery materials provided by the government. The defendant notes that the government does not object to this motion. The defendant seeks an extension of at least thirty days to file his pretrial motions. This is the first request for a continuance in this case.

The defendant and two co-defendants are charged in a two-count indictment with (1) conspiracy to possess with intent to distribute 500 grams of more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 846 and (2) distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The defendant is in custody pending trial.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court

may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following factors "among others:"  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

After full consideration, the court finds that the denial of the requested extension may deny counsel and defendant the time necessary to adequately prepare for trial, taking into account the exercise of due diligence.  The court believes that the requested continuance is in the interests of the public and the parties because it will facilitate a fair, just and efficient resolution of this matter.

In sum, the court finds that the continuance requested is in

the interests of justice which outweigh the interests of the public and the defendant in a speedy trial. Therefore, the continuance requested constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and he shall be allowed until October 17, 2011 in which to file pretrial motions. The government shall be allowed until October 27, 2011 to file its responses. The hearing on all pretrial motions filed in this case shall be held on November 9, 2011 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2011 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge